**E-Filed 07/19/2007**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REBECCA PROCTOR, REX BROOKS, JOHN DONOVAN, ROBERT NEEDLES et al. on behalf of Siliconix, Inc., themselves, and on behalf of all minority shareholders of Siliconix, Inc., similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VISHAY INTERTECHNOLOGY, INC., VISHAY TEMIC SEMICONDUCTOR ACQUISITION HOLDINGS CORPORATION, SILICONIX, INC., ERNST & YOUNG, FELIX D. ZANDMAN, and DOE 1 through DOE 20, inclusive,<br><br>Defendants. | Case Number C 06-04134 JF<br><br>ORDER[1] GRANTING DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT<br><br>[re: docket no. 40] |

**I. BACKGROUND**

In 1998, Defendants Vishay Intertechnology became the majority owner of Siliconix Inc., ("Siliconix") by acquiring 80.4% of its stock. Notice of Removal Ex. A ¶ 4. After the merger of Siliconix and Vishay, Ernst & Young, LLP ("EY") became Siliconix's auditor. *Id.* ¶ 3. Plaintiffs

---

[1] This disposition is not designated for publication and may not be cited.

allege that EY repeatedly breached its duty of care to Siliconix, and conspired with and aided and abetted the other Defendants in "intentionally driving down the price of Siliconix so that Vishay could acquire the stock of Siliconix's minority shareholders below the stock's true value." *Id.* ¶¶ 5-7. Plaintiffs further allege that EY aided and abetted the misappropriation of millions of dollars of Siliconix's sales commissions through the restructuring of Siliconix after the merger. *Id.* ¶¶ 7-8.

Plaintiffs filed the original complaint in this action in the Santa Clara Superior Court on August 12, 2002, on behalf of the minority shareholders of Siliconix. Notice of Removal Ex. B. The complaint encompassed both a shareholders' derivative action for breach of fiduciary duty and waste of corporate assets and a class action for breach of fiduciary duty. *Id.*

Plaintiffs allege that Vishay, in response to their first amended complaint ("FAC"), acted to prevent Plaintiffs' recovery by (1) making a tender offer on April 12, 2005, to acquire the shares of Siliconix minority shareholders (representing 19.6% of the total Siliconix shares); and (2) implementing a "freeze out merger" when it forced minority shareholders who did not accept the tender offer to sell their Siliconix shares at prices below fair market value. Memorandum of Points and Authorities in Support of Motion for Remand ("Remand Memo.") 4-5. Plaintiffs allege that in the tender offer and merger, Vishay did not make proper disclosure or give shareholders' adequate notice of their rights. *Id.*

As a result of the tender offer, several civil actions were filed in the Delaware Chancery Court and consolidated. *Id.* Plaintiffs in the Delaware case settled with Vishay on October 25, 2005 ("Delaware Settlement"). *Id.* Prior to the final settlement hearing, the Chancery Court ordered Vishay to provide notice of the settlement to all members of the class, consisting of all owners of Siliconix common stock between March 3, 2005, and May 16, 2005. *In re: Siliconix, Inc. Shareholders Litigation*, No. 1143-N at ¶¶ 2, 6 (Del. Ch. Sept. 13, 2005)(scheduling order).[2] The Chancery Court found that adequate notice had been given and entered an Order and Final

---

[2] Defendants have submitted three Requests for Judicial Notice containing the various orders issued by the Delaware courts and transcripts from the Santa Clara Superior Court proceedings. These requests are granted.

Judgment certifying the class and approving the settlement of the class action. *In re: Siliconix, Inc. Shareholders Litigation,* No. 1143-N (Del. Ch. Oct. 25, 2005) (order and final judgment). With this settlement order, the tender offer and short-term merger were complete, and the Chancery Court released all pending and future claims related to that merger. *Id.* at ¶ 8.

        Plaintiffs in the instant action nonetheless continued litigation in the Santa Clara Superior Court by filing a Second Amended Complaint ("SAC") and then a subsequent SAC Amendment. On June 13, 2006, the Vishay Defendants[3] secured an injunction from the Delaware Chancery Court against any further litigation in this action and requested that the Superior Court dismiss the action in accordance with that injunction. Remand Memo. 9 The Superior Court advised Plaintiffs that any concerns they might have with respect to the Delaware injunction should be presented to the Delaware Chancery Court; it gave Plaintiffs' counsel until August 15, 2006, to decide upon a course of action. *Proctor et al. v. Vishay Intertechnology*, No. 1-04-CV-018977 at 10:1-20 (Cal. Super. Ct. June 13, 2006) (Reporter's transcript)("RT").

        A former Siliconix shareholder, not party to this litigation, appealed the Delaware injunction to the Delaware Supreme Court. In dismissing the appeal, that court noted that, "[despite] the entry of the [injunction], certain shareholders of Siliconix continued to prosecute an earlier-filed action in the Superior Court of California, County of Santa Clara, which encompassed the same claims that had been released in the settlement of the Delaware action." *Fitzgerald v. Vishay Intertechnology, Inc.*, No. 363, 2006 at ¶ 3 (Del. Jan. 24, 2007) (order dismissing appeal of injunction).

        On June 30, 2006, Defendants removed the instant action to this Court on the basis of 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b). This Court denied Plaintiffs' motion to remand on February 13, 2007, holding that removal was proper as Plaintiffs' class claim is completely preempted by the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78. *Proctor et al. v. Vishay et al.*, No. 06-04134 at 9-12, (N.D. Cal Feb. 13, 2007) (order denying

---

[3] Vishay Intertechnology, Inc., Vishay Temic Semiconductor Acquisition Holdings Corporation, and Felix D. Zandman, the chairman, CEO, and controlling shareholder of Vishay.

motion to remand). EY filed the instant motion to dismiss on March 23, 2007, and Vishay filed a motion for summary judgment on similar grounds on March 27, 2007. The Court heard oral argument on both motions on July 13, 2007.

## II.  DISCUSSION

As set forth above, the Delaware Chancery Court issued an injunction against any further proceedings in this action before the action was removed to this Court. *In re: Siliconix Inc. Shareholders Litigation*, No. 1143-N (Del. Ch. June 13, 2006) (order issuing injunction on any further litigation in the case of *Proctor v. Vishay Intertechnology, Inc.*, No. 1-04-CV-018977 (Cal. Super. Ct.))("Injunction"). On January 24, 2007, the Delaware Supreme Court upheld the injunction on an appeal and noted in its order that certain shareholders have continued to litigate this action despite entry of the injunction. *Fitzgerald v. Vishay Intertechnology, Inc.*, No. 363, 2006 at ¶ 3 (Del. Jan. 24, 2007)(order dismissing appeal of injunction). Defendants argue that Plaintiffs are violating the Delaware injunction by continuing to prosecute this action. Plaintiffs, however, contend that the Delaware Chancery Court lacked jurisdiction to enjoin the instant proceedings, and they seek an opportunity to conduct discovery to determine the preclusive effect of the Delaware settlement on this action.

At a case management conference on June 13, 2006, the Superior Court advised Plaintiffs that "if you are in disagreement with [the Delaware injunction] you need to appear [in Delaware] and seek to have it quashed or modified or to have a rehearing, but you don't just ignore it." RT at 6:16-18. Plaintiffs' counsel assured the court, "[w]e are not going to ignore it." *Id*. at 6:19. The Superior Court further warned that "this court is not going to be a party to a litigant violating a valid order of another court," and "direct[ed] the plaintiff to go back to Delaware and deal with it." *Id.* at 9:24-25, 10:2-3. Plaintiffs' counsel continued to assert the "lack of jurisdiction and lack of full and fair adjudication in Delaware," and the Superior Court gave Plaintiffs' counsel until August 15, 2006, to determine an appropriate course of action. *Id*. at 10:17-20.

Plaintiffs offer no evidence that they have attempted to address the Delaware injunction in Delaware. Instead, they have continued to litigate the instant case in California, arguing that they are entitled to a determination in California as to whether or not the Delaware settlement

bars their claims and whether the Delaware Chancery Court had jurisdiction to issue the injunction. While Plaintiffs correctly state the general rule that a state court may not enjoin proceedings in a federal court, the injunction at issue here "encompasses, among other claims, all the claims asserted by the representative plaintiffs in *Proctor v. Vishay Intertechnology, Inc.*, Case No. 1-04-CV-018977," and "plaintiffs settled and released, among other claims, all the claims asserted in [that action]. . . ." Injunction at 2. The fact that the case in question has been removed to this Court because some of the claims asserted are pre-empted by SLUSA does not entitle Plaintiffs to ignore the injunction any more than they were entitled to do so while the matter was pending before the Superior Court. As a matter of federal-state comity, this Court will not entertain arguments regarding the jurisdiction of the Delaware Chancery Court unless and until Plaintiffs first have sought relief from the injunction in Delaware. Accordingly, the instant action will be dismissed. In order to permit Plaintiffs to initiate appropriate proceedings in Delaware, the dismissal shall be effective ninety (90) days after the date of this order.[4]

### IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED, Defendants' motion for summary judgment and motion to dismiss are GRANTED, effective October 15, 2007. If Plaintiffs secure relief prior to October 15, 2007, from the Delaware Chancery Court as to the injunction issued on June 13, 2006, the Court will grant rehearing in accordance with the relief granted.

DATED: July 19, 2007

_____
JEREMY FOGEL
United States District Judge

---

[4] It may be that the grounds upon which Plaintiffs may seek relief from the Delaware courts are limited because of Plaintiffs' failure to seek such relief before now. However, particularly in light of the admonition given by the Superior Court more than one year ago, the responsibility for that situation rests squarely on Plaintiffs and their counsel.

1  This Order has been served upon the following persons:

2  Joseph Wood   jhclaw@yahoo.com

3  James A. Hennefer   jhennefer@hennefer-wood.com

4  Daniel H. Bookin   dbookin@omm.com

5  Alan R. Friedman   afriedman@kramerlevin.com

6  Dhaivat H. Shah   dshah@omm.com

7  Jonathan M. Wagner   jwagner@kramerlevin.com

8  Norman C. Simon   nsimon@kramerlevin.com

9  Patrick Edward Gibbs   patrick.gibbs@lw.com

10  David Michael Friedman   david.friedman@lw.com

11  Karli E. Sager   Karli.Sager@lw.com

12  Peter Allen Wald   peter.wald@lw.com

6

Case No. C 06-4134 JF
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT
(JFEX1)